# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4001MN

_____

Margaret C. Crossman,     *
    *
        Appellant,     *
    *    Appeal from the United States
    v.     *    District Court for the District
    *    of Minnesota.
Tad Ware & Co., Inc.; Leonard E.     *
Ware, also known as Tad Ware,     *      [UNPUBLISHED]
    *
        Appellees.     *

_____

Submitted: May 13, 1998
Filed: June 8, 1998

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and FAGG, Circuit Judges.

_____

PER CURIAM.

Margaret C. Crossman appeals the district court's adverse grant of summary judgment in this age and gender-based employment discrimination action. Having considered the record and the parties' briefs, we see no error by the district court. We reject Crossman's argument that the district court improperly failed to apply a "mixed motives" analysis to her case, because Crossman did not present enough evidence of a discriminatory component to meet the threshold showing required for this analysis. Additionally, even if we assume for the purpose of our review that Crossman established the elements of a prima facie case, we agree with the district court that

there is no substantial evidence in the record tending to show the reason given by Crossman's employer for terminating her employment was a pretext for age or gender discrimination. We also agree with the district court that Crossman's related claims for defamation, tortious interference with contract, and negligent infliction of emotional distress cannot survive summary judgment. We thus conclude the district court correctly granted summary judgment, and we affirm without further discussion. See 8th Cir. R. 47B.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

While the court today treats most summarily the issues raised by Crossman in her appeal, the issue is far cloudier than the court recognizes or admits.

The central issue in the district court's grant of summary judgment was whether Crossman had made the error in the prize-winning recipe. The district court first held that Crossman had presented sufficient facts to support her claim that she was qualified for her position, but then concluded that she presented no evidence that Tad Ware's reason for terminating her--namely, that she made the large errors in the Schwan's cookbook, as well as other mistakes--was pretextual.

It is true that Crossman stated in her deposition that she was the typesetter on the project. Ware, in its brief, states, "Appellant admitted in her deposition that she--and not Bilben--made the grand prize-winning error." A lengthy footnote follows in which counsel explains how "[t]he record makes absolutely clear that appellant made the grand prize-winning error." Ware's brief then includes Crossman's statement that she did the initial typesetting; her admission that she could see how the accident could happen because her eyes could drop a half inch down on the page; and her statement that she may have made typographical errors on the cookbook project. Ware then

relies on Mary Turner's affidavit that there was no doubt that Crossman made the error in question.

The hard record before the district court does not contain such clear and unequivocal testimony. When asked if she made some of the errors, Crossman stated "I don't know." When asked, "Could have?" Crossman responded, "I may have made typographical errors that were missed in the Proofreading Department. I would have to admit to that." This is the high point of the testimony relied upon by Ware in its brief.

In her deposition Crossman was asked specifically if she made the error in the prize-winning recipe, and she answered, "I don't know." Asked if she denied it, she stated, "I can't remember if I made that typographical error." Asked if it was possible, she stated, "I imagine it's possible." But when asked if it was likely she stated, "I can't say that," and she followed it up with, "I don't know." The affidavit of Mary Turner stated that she reviewed the time sheets for the project, the hard copy original recipes, and the galleys. Turner stated, "There is no doubt in my mind whatsoever that [Crossman] omitted key words from the Grand Prize Winning Recipe." Turner further said, "There is also no doubt in my mind that no one else caused that omission, other than the plaintiff Margaret C. Crossman."

The record also contains deposition testimony of Brad Bilben, who stated that he did not feel that he was responsible for the error. He also stated, "As far as I'm concerned, I had just as much to do with that cookbook as anybody did." The next questions and answers followed:

Q.     But the error on the grand prize-winning recipe, you don't feel you were responsible for that?

A.     I could have been.

-3-

Q. You don't know?

A. I don't--I don't know if I was specifically responsible for it.

When asked if he typeset the recipe, Bilben stated that he could not tell whether he did or not, and that he might have typeset some of the recipes, but did not know whether he typeset the grand prize-winning recipe or not.

There is also testimony in the record that Tad Ware made statements only a few months before the typesetting incident, that a younger person who could "schmooze" with the clients would make a more qualified account executive, a post that Crossman held for a short period.

On this state of the record, I conclude that it was for the finder of fact to determine who typeset the prize-winning recipe with its mistake. The opinion testimony of Mary Turner and the I-don't-knows from both Crossman and Bilben, together with the overstatement of the facts in Ware's brief, cause me to conclude that this is an issue for the jury to determine. The court errs today in affirming the grant of summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.